UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DONEL MAIRE PAYNE, | ) CV 13-2256-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for a period of disability and Disability Insurance Benefits. Pursuant to 28 U.S.C § 636 (c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief and Defendant's Brief), and the defendant has filed the certified transcript of record. After reviewing

the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

On December 24, 2010, Plaintiff, Donel M. Payne, filed an application for a period of disability and Disability Insurance Benefits, alleging an inability to work since November 17, 2010. (Administrative Record ["AR"] 157). On July 16, 2012, an Administrative Law Judge ("ALJ") issued a decision. (AR 46-70). The ALJ determined that Plaintiff had severe impairments—"fibromyalgia, lumbar degenerative disc disease, cervical degenerative disc disease, gastroesophageal reflux disease, depression, and adjustment disorder, and an anxiety disorder"—but found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 33).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 1-3), plaintiff filed this action in this Court. Plaintiff makes two challenges to the Decision. Plaintiff alleges the ALJ erred in (1) failing to articulate specific and legitimate reasons for rejecting the treating physician's opinions, and (2) failing to properly evaluate Plaintiff's mental impairments.

Plaintiff asserts that the ALJ failed to give specific and legitimate reasons for rejecting the opinion of Dr. Larry Tamburo ("Dr. Tamburo"), Plaintiff's treating physician. Defendant asserts that the ALJ provided ample reasons for rejecting Dr. Tamburo's opinion.

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical evidence and is consistent with other evidence in the record. 20 C.F.R § 416.927 (b)-(d). Treating physicians' opinions are need not be accorded more weight if they

are conclusory or not supported by the medical evidence. Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004)(ALJ may discredit treating physicians' opinions that are conclusory, brief and unsupported by the record as a whole, or by objective medical findings). The ALJ "may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

In a letter and questionnaire dated April 23, 2012, Dr. Tamburo stated that he believed the plaintiff could not perform any work activities. (AR 363). He believed that she could not perform any full-time occupation due to the fact that no treatment had relieved the symptoms. (Id.) In the questionnaire, Dr. Tamburo opined that Plaintiff could sit a total of three hours per workday; stand for one hour per workday; walk for one hour per workday; recline for 3 hours per day; very seldom lift/ carry up to 10 pounds; very seldom climb stairs, bend over, stoop, crouch, kneel or crawl; cannot use her hands for grasping, pushing/pulling or fine manipulation; cannot be at all exposed to unprotected heights or marked changes in humidity and can moderately tolerate being around moving machinery, and exposure to dust, fumes and gases. (AR 364-365). Lastly, Dr. Tamburo opined that Plaintiff would be absent from work 75% or more of the time due to her medical conditions.

The ALJ addressed Dr. Tamburo's opinion stating that his opinion was given "little weight" because his opinion lacks support in the record. Specifically, the ALJ stated that Dr. Tamburo's opinion was not supported by objective medical evidence, the plaintiff's activities or medicine regime. (AR 39-40).

The ALJ properly evaluated the totality of the plaintiff's objective medical history in analyzing Dr. Tamburo's opinion. The ALJ's thorough discussion of Plaintiff's medical history fulfilled his obligation to evaluate all of the relevant medical evidence. See 20 C.F.R § 404.1545(a)(3). Despite Plaintiff's subjective reporting to Dr. Tamburo, Plaintiff objectively had normal physical examinations

including MRIs performed in 2009 and 2011, which showed largely normal findings. (AR 258, 303-314).

## I. DISCUSSION

**ISSUE  NO. 1**

The ALJ also gave little weight to the opinions of Dr. Tamburo because the activities stated by Plaintiff reflect that she is at least able to work at the level of the Residual Functional Capacity ("RFC") assessment.[1] The plaintiff's testified that she is able to do light chores such as cleaning and washing clothes, gets outside a couple of time a week, drives, shops, handles finances, uses a computer and builds a blog website, watches television, participates in sweepstaking, takes care of her pets and spends time with others and social networks several times a week. (AR 186-192). Plaintiff asserts that these activities are not done on a regular basis but the testimony of Plaintiff's son shows that she does activities such as, sweepstaking, watching T.V., and cooking, every day. (AR 224-226).  Therefore, the ALJ properly concluded that Dr. Tamburo's opinion was contrary to Plaintiff's current functional abilities.

Lastly, the ALJ properly discounted Dr. Tamburo's opinion because Plaintiff reported to Dr. Matthew Cook that her medication regimen was controlling her level of pain and essentially allowed her to be more active and functional. (AR 322). Plaintiff also did not report any side effects from the medication. (Id.) Therefore, her impairments can be controlled effectively with medication and are not seen as disabling. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

---

[1]    The Residual Functional Capacity ("RFC") is the most a plaintiff can do despite his or her limitations, 20 C.F.R §§ 404.1545(a), 416.945(a).
    The ALJ found that plaintiff has the RFC to perform sedentary works with restrictions as sedentary work is defined in 20 C.F.R 404.1567(a). She can lift and/ or carry ten pounds occasionally and less than ten pounds frequently; she cannot crawl, crouch, climb, squat, or kneel and she cannot use her legs or feet for pushing and/ or pulling or foot or leg controls; cannot reach above shoulder level and is limited to semi-skilled work. (AR 35).

Since Dr. Tamburo's opinions were not supported by the medical record, the ALJ properly concluded that the opinions were based on Plaintiff's subjective complaints. (AR 39-40). See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996).

**ISSUE NO. 2**

Plaintiff asserts that the ALJ failed to take into account the plaintiff's mental impairments. Defendant argues that the ALJ did take into account the mental impairments of the plaintiff.

The ALJ found that Plaintiff has mild restrictions in the activities of daily living and social functioning, and that the plaintiff has moderate difficulties with concentration, persistence or pace. (AR 34). The ALJ also stated that the activities of the plaintiff "reflect a person without significant problems in this [concentration, persistence, or pace] area." (Id.) The ALJ cited activities such as handling her finances, sweepstaking, watching TV and building a blog as activities that cast doubt on this limitation. (Id.) The ALJ also noted that the claimant has been given the "benefit of the doubt in finding moderate difficulties due to the combination of her pain and mental symptoms." (Id.)

As an initial matter, the evidence shows that Plaintiff's mental impairments do not cause substantial limitations. As mentioned above, she can do various activities including handle her finances and build a blog. (AR 34). These activities show that Plaintiff is capable of more than simple work. (AR 34). Moreover, this finding is backed by consultative psychologist, Jonna L. Krabbenhoft's ("Dr. Krabbenhoft") examination which showed that Plaintiff had no mental limitations in the past twelve months. (AR 287).

Second, contrary to Plaintiff's assertion, the Ninth Circuit require that a Plaintiff with a Step 2 finding of moderate limitations of concentration, persistence or pace requires a RFC of simple work. See Stubbs-Danielson v. Asture, 539 F.3d 1169, 1173-76 (9th Cir. 2008). Unlike Plaintiff, Stubbs-Danielson had multiple

moderate limitations that limited her to simple tasks. Stubbs-Danielson emphasized the language of the medical opinion, which specifically limited her to "simple, repetitive, routine tasks." 539 F.3d at 1174.

In the present case, Plaintiff was given the benefit of the doubt in Step 2 to find there even was a "severe" limitation. Specifically, Dr, Krabbenhoft's examination showed that the Plaintiff had no mental limitations, and Dr. Hubert R. Estes, a state agency reviewing physician, opined that Plaintiff had only mild limitations. (AR 94-95, 287). Therefore, since the medical opinion evidence showed Plaintiff only had mild limitations, the ALJ was not required to find Plaintiff was limited to only simple work.

Lastly, Plaintiff asserts that the ALJ erred by not including her alleged mental impairments in the hypothetical question to the Vocational Expert ("VE"). Even if the ALJ found that a severe mental impairments existed that caused moderate limitations, the ALJ was not required to include any mental limitations in the RFC or in the hypothetical question to the VE. Hoopai v. Asture, 499 F.3d 1071 (9th Cir. 2007) held that moderate mental limitations did not require non-exertional RFC limitations. In the present case, Plaintiff's mental functioning was less severe than in Hoopai. Also, the ALJ did take into account the fact that Plaintiff had mild limitations by restricting the RFC to semi-skilled work.

## ORDER

For the foregoing reasons, the Commissioner's final decision is supported by substantial evidence and is in accordance with the law. Consequently, the Decision of the Commissioner is affirmed.

DATES: July 3, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE